```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROSEMARY SUSAN SEAMAN,           )
                                 )
            Plaintiff,           )   Civil Action No. 05-1014
                                 )
   v.                            )   Judge McVerry
                                 )   Magistrate Judge Caiazza
FOCUS ON RENEWAL -- STO-ROX      )
NEIGHBORHOOD CORPORATION,        )
et al.,                          )
                                 )
            Defendants.          )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Defendants' Motion to Dismiss (Doc. 5) should be denied.

The Defendants argue that Focus On Renewal -- Sto-Rox Neighborhood Corporation ("FOR") is not an "employer" for the purposes of the FLSA. *See generally* Defs.' Br. (Doc. 6) at 5-7. The Plaintiff is employed at FOR's preschool, an enterprise plainly recognized as an employer under the FLSA. *See* Dunlop v. State of N.J., 522 F.2d 504, 508 (3d Cir. 1975) (quoting portion of statute indicating that preschool is employer), *judgment vacated on other grounds* in New Jersey v. Usery, 427 U.S. 909 (1976); *see also, e.g.*, Kitchings v. Florida United Methodist Children's Home, Inc., 393 F. Supp.2d 1282, 1295 (M.D. Fla. 2005) ("[e]nterprise coverage . . . extend[s] to private, nonprofit organizations that operate . . . a preschool") (citing and quoting Dept. of Labor Opn. Ltr., 2004 WL 2146930 at 2

(Apr. 9, 2004)).  To the extent the Defendants may question whether FOR in fact operates a "preschool," this is not a matter properly resolved under Rule 12(b)(6).

The Defendants also challenge the claims stated under the Pennsylvania Wage Payment and Collection Law ("WPCL"), arguing that the Complaint lacks sufficient specificity.  *See* Defs.' Br. at 8.  If legal authority requires heightened specificity in this context, the Defendants have failed to identify it.  Otherwise, Defense counsel's arguments are inconsistent with the notice pleading standards under the Federal Rules.

Counsel next argues that the individual Defendants cannot be liable under the WPCL because they are not "corporate officer[s] of FOR."  *See* Defs.' Br. at 8-9.  The statute "imposes personal liability on high-ranking corporate [management] for employees' unpaid wages."  Walsh v. Alarm Security Group, Inc., 95 Fed. Appx. 399, 402 (3d Cir. Mar. 24, 2004) (citing published Third Circuit authority).  The Plaintiff's allegations regarding Defendant Ryan are sufficient.  *See* Compl. (Doc. 1) at ¶ 6 (identifying Mr. Ryan as "Executive Director" of FOR).  And while Defendant Cetrone presents a closer question, again this determination is better suited for summary judgment.  *Compare* Walsh ("there may remain some question as to the exact levels of management that can be reached individually") *with* Compl. at ¶ 10 (Ms. Cetrone is "Program Director" of FOR's preschool).

Last, counsel challenges Ms. Seaman's defamation claim, which alleges Defendant Cetrone "made degrading and defamatory statements" to "staff members and others" regarding the Plaintiff's "professional competence."  *See* Compl. at ¶¶ 54(i), 98.  These allegations are sufficient under the notice pleading standards,[1] and the Defendants' Motion to Dismiss is without merit.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this report and recommendation are due by February 27, 2006.  Responses to objections are due by March 9, 2006.


February 10, 2006

cc:

Maureen P. Kelly, Esq.
Babst, Calland, Clements & Zomnir
Two Gateway Center, 8th Floor
Pittsburgh, PA  15222

Francis X. Caiazza
U.S. Magistrate Judge

---

[1] *See, e.g.*, Roskos v. Sugarloaf Twp., 295 F. Supp.2d 480, 492 (M.D. Pa. 2003) ("for a defamation claim brought in federal court, the plaintiff does not have to plead the precise defamatory statements as long as the count provides sufficient notice to the defendant") (citations omitted); *compare also* Synthes (U.S.A.) v. Globus Med., Inc., 2005 WL 2233441, *4 (E.D. Pa. Sept. 14, 2005) (although defamation generally requires proof of special damages, and Federal Rule 9(g) requires that special damages be pled with specificity, "alleged defamatory words" regarding target's "skill or competence in [her] trade . . . are actionable *per se*, and proof of special damage[s] is not necessary") (citations and internal quotations omitted) *with* discussion *supra* (defamatory comments here addressed Plaintiff's "professional competence").

-3-

James G. Seaman, Esq.
Christina I. Kepplinger, Esq.
Eckert, Seamans, Cherin & Mellott
600 Grant Street, 44th Floor
Pittsburgh, PA  15219