IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ROSEMARY SUSAN SEAMAN,        )
                              )
           Plaintiff,         )    Civil Action No. 05-1014
                              )
   v.                         )    Judge McVerry
                              )    Magistrate Judge Caiazza
FOCUS ON RENEWAL -- STO-ROX   )
NEIGHBORHOOD CORPORATION,     )
et al.,                       )
                              )
           Defendants.        )
```

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, the Plaintiff's Motion (Doc. 22) seeking to invalidate the Defendants' Offer of Judgment will be granted.[1]

In this case, the Plaintiff asserts claims under the Fair Labor Standards Act and Pennsylvania's Wage Payment and Collection Law. *See generally* Pl.'s Mot. at ¶ 1. Although not part of the instant action, the Plaintiff also has filed administrative charges of employment discrimination with the PHRC and EEOC. *See id.* at ¶ 2.

---

[1] The undersigned possesses the authority to rule on the Plaintiff's request as a non-dispositive motion. *See, e.g.*, Davis v. Gulf State Credit, L.L.C., 2000 WL 33955880, *1 (D. Minn. Nov. 22, 2000) (motion to strike Rule 68 offer of judgment was susceptible to resolution by magistrate as "[a] nondispositive pretrial matter[]"); Fair Housing Advocates Ass'n, Inc. v. Terrace Plaza Apts., 2006 WL 2334851, *6-7 (S.D. Oh. Aug. 10, 2006) (implicitly recognizing same).

On December 7, 2006, the Defendants served on the Plaintiff an Offer of Judgment pursuant to Federal Rule 68, agreeing to settle the case for $135,000.00.  *See* Offer of Judg. at 1 (filed under Doc. 22-2).  The Offer goes on to say that the Plaintiff's acceptance "would also resolve all claims in the pending administrative" actions before the PHRC and EEOC "with prejudice[,] and would release all claims [the] Plaintiff . . . could have brought."  *See id.* at 1-2.  This is not a valid offer of judgment.

Under Rule 68, the Defendants may make an offer regarding claims upon which "judgment [may be] finally obtained."  *See id.*  Unless and until the Plaintiff's discrimination charges are made part of this lawsuit, no judgment on them can be offered or taken.  The Defendants' inclusion of the discrimination charges is legally unprecedented and inconsistent with the purpose of the Rule.  *Cf., e.g.*, Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1360 n.4 (11th Cir. 2006) ("Rule 68 allows a defendant to make an offer of judgment," and "if a plaintiff refuses the offer and then ultimately recovers less <u>at trial</u> than the offer amount, the plaintiff is required to pay the costs incurred from the time of the offer") (emphasis added).

These conclusions are consistent with the rule that offers of judgment must be "unconditional."  12 Fed. Prac. & Proc. Civ.2d § 3002 (Wright & Miller 2006); *accord* 20 C.J.S. Costs § 40 (2006); <u>Herrington v. County of Sonoma</u>, 12 F.3d 901, 907 (9th Cir. 1993) (citation omitted); <u>Arrow Electronics, Inc. v. Hecmma, Inc.</u>, 2005 WL 2276407, *2 (W.D. Va. Sept. 19, 2005) (citation omitted).  While some exceptions have been recognized, they clearly are distinguishable.[2]

For the reasons just stated, the Defendants' Offer of Judgment is invalid.  And though Plaintiff's counsel seeks reformation, the proper course is to vacate the Offer.  *See* <u>Freeman v. B & B Assocs.</u>, 790 F.2d 145, 151-52 (D.C. Cir. 1986) ("the proper relief for an impermissibly coercive offer of judgment" is to "vacate rather than reform the offer"; "[e]limination of an express and integral term from an offer of judgment . . . destroys the binding force . . . on the defendant by vitiating the defendant's consent").  Accordingly, the court enters the following:

---

[2]  *See, e.g.*, 13 Moore's Fed'l Pract. § 68.04[8] (3d ed. 2005) (conditions requiring no admission of liability and/or unanimity of plaintiffs are permissible); <u>Leach v. Northern Telecom, Inc.</u>, 141 F.R.D. 420, 428 (E.D. N.C. 1991) ("[n]othing in Rule 68 requires equitable relief to be included as part as an offer of judgment <u>when the complaint</u> seeks both equitable and monetary relief") (emphasis added).  The "monetary versus injunctive relief" exception only serves to emphasize the distinction between a potentially valid condition addressing claims alleged in the pleadings and, as here, ones simply not encompassed in the lawsuit.

## II. <u>ORDER</u>

The Plaintiff's Motion (Doc. 22) is GRANTED to the extent described above, and the Defendant's Offer of Judgment, served on the Plaintiff December 7, 2006, is hereby VACATED and shall be given no legal effect.

IT IS SO ORDERED.

January 22, 2007

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

James G. Seaman, Esq.
Christina I. Kepplinger, Esq.
Mark R. Lane, Esq.
Maureen P. Kelly, Esq.